# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NAVFAC - DEBERRY II,

Appellants,[1]

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
DC-0752-15-0690-I-1

DATE: January 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Jeffrey A. Collis, Norfolk, Virginia, for the appellants.

Joseph J. Smith, Virginia Beach, Virginia, for Appellant Jeffrey A. Collis.

Jacquelyn Wright, Esquire, Port Hueneme, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellants have filed a petition for review of the initial decision, which sustained their furloughs.  Generally, we grant petitions such as this one only

---

[1] The appellants that are included in this consolidation are set forth in Appendix A of this order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioners' due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. As set forth in ¶ 5 below, we MODIFY the administrative judge's analysis of whether the agency took the furloughs for such cause as to promote the efficiency of the service. Except as expressly MODIFIED by this final order, we AFFIRM the initial decision.

¶2 The appellants, employees of the Naval Facilities Engineering Command, MidAtlantic, filed Board appeals challenging their furloughs for up to 88 hours arising out of the March 1, 2013 Sequestration Order issued by the President requiring across-the-board reductions in Federal spending pursuant to the Balanced Budget and Emergency Deficit Control Act, as amended. Department of the Navy Administrative Record for FY 2013 Furlough Appeals, Part 1, Tab 18, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm; *see, e.g.*, *Collis v. Department of the Navy*, MSPB Docket No. DC-0752-13-2344-I-1, Initial Appeal File (*Collis* IAF), Tab 1 at 2-3. Their appeals were consolidated with those of numerous other appellants under the caption *NAVFAC DeBerry II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0690-I-1, Consolidation Appeal File (CAF), Tab 1.

¶3 Although the appellants requested a hearing, they were unable to produce either of their witnesses and, because the agency itself proffered no witnesses, the

administrative judge decided the appeal on the written record. CAF, Tab 14, Tab 17, Initial Decision (ID) at 1. She affirmed the furloughs, finding that they were for such cause as to promote the efficiency of the service, the agency afforded the appellants due process, and the appellants failed to establish their affirmative defense of harmful procedural error. ID at 6-8.

¶4 Appellant Jeffrey A. Collis has filed a petition for review on behalf of himself and the 106 other appellants that he is representing in this appeal, renewing his argument that the furlough decisions were the product of harmful procedural error. Petition for Review (PFR) File, Tab 2 at 3.[3] The agency has filed a response. PFR File, Tab 4.

¶5 On review, the appellants have not challenged the administrative judge's finding that the furloughs were taken for such cause as to promote the efficiency of the service. ID at 6. However, the administrative judge's efficiency of the service analysis does not follow the framework set forth in *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014), and therefore must be modified. Specifically, an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 7512(5), 7513(a). The concept of "cause" in the context of a furlough appeal encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough. *Dye*, 121 M.S.P.R. 142, ¶ 9. The agency has the burden of proof on this issue. *Id*., ¶¶ 9-10; *see Tinker v. Department of Air Force*, 121 M.S.P.R. 385, ¶¶ 14-15 (2014). Thus, to prove that a furlough was taken for such cause as to promote the efficiency of the service, the agency must show not only that the furlough in general was a reasonable management solution to work shortage or financial restrictions and that the agency applied its

---

[3] Mr. Collis designated another appellant, Joseph J. Smith, as his representative. *Collis* IAF, Tab 1 at 3. Mr. Smith, in turn, designated Mr. Collis as his representative. *Smith v. Department of the Navy*, MSPB Docket No. DC-0752-13-2441-I-1, Initial Appeal File, Tab 2. Both Mr. Collis and Mr. Smith are signatories to the petition for review. PFR File, Tab 2 at 3.

determination as to which employees to furlough in a fair and even manner, *Chandler v. Department of the Treasury*, [120 M.S.P.R. 163](#), ¶ 8 (2013), but also that the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough, *Dye*, [121 M.S.P.R. 142](#), ¶¶ 9-10. For the reasons explained in the initial decision, we agree with the administrative judge that the furloughs were a reasonable management solution to the financial restrictions brought on by the sequester and that the agency applied the furloughs in a fair and even manner. ID at 6. We also find that the parties stipulated that the appellants met the criteria established by the agency for being subject to, and not excepted from, the furlough. *Id.*; CAF, Tab 12 at 6, Tab 13 at 4. Accordingly we affirm the administrative judge's analysis as modified, finding that the agency took the furlough actions for cause as set forth in *Dye* and that they promoted the efficiency of the service as set forth in *Chandler*.

¶6        Turning to the petition for review itself, the appellants argue that the furlough actions are contrary to a June 2001 memorandum of agreement between the agency's Public Works Center in Norfolk, Virginia, and the Tidewater Virginia Federal Employees Metal Trades Council. PFR File, Tab 2 at 3; *Collis* IAF, Tab 22 at 4-6. According to the memorandum of agreement, the agency is responsible for providing emergency support after business hours. *Collis* IAF, Tab 22 at 4. To that end, it has instituted an on-call program, under which covered employees, on a volunteer or rotating basis, are required to be on call to report to the job site within 2 hours in the event of an after-hours emergency. *Id*. at 4-5. The memorandum sets forth the requirements for employees in on-call status and the terms and conditions concerning implementation of the program. *Id*. at 5-6. The appellants argue that, had the agency followed the memorandum of agreement, it would not have furloughed them, for if there were an emergency requiring on-call employees to report to duty during a furlough day, the employees would have been prevented from coming to work. PFR File, Tab 2 at 3.

¶7        We disagree.  To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellants must show both that the agency committed procedural error and that the error was harmful.  *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980).  As the administrative judge explained, the agency committed no procedural error because nothing in the memorandum of agreement requires the agency to place employees in an on-call status.  ID at 7.  It merely governs the terms and conditions of the on-call program.  Therefore, even if the agency suspended the on-call program to implement the furlough, as the appellants alleged below, *Collis* IAF, Tab 8 at 4, Tab 26 at 6, this did not constitute a violation of the memorandum of agreement.  There is simply nothing in the memorandum that requires the agency to keep its employees in an on-call status or that prevents it from suspending or discontinuing the on-call program in favor of having contractor employees assume those duties, as the appellants alleged that the agency did below.  *Collis* IAF, Tab 8 at 4, Tab 26 at 6.  We find that, because the appellants have not established that the agency violated the memorandum of agreement, they have not proven their harmful error defense.  *See Hylick v. Department of the Air Force*, 85 M.S.P.R. 145, ¶ 13 (2000).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

APPENDIX A

NAVFAC - DeBerry II
DC-0752-15-0690-I-1


| | |
|---|---|
| Alan C. Johnson | DC-0752-13-2827-I-1 |
| Allan W. Wright | DC-0752-13-2804-I-1 |
| Anthony Williams | DC-0752-13-2138-I-1 |
| Brian D. Calvert | DC-0752-13-2433-I-1 |
| Brian G. Jerlin | DC-0752-13-4348-I-1 |
| Bruce W. Harrod | DC-0752-13-2820-I-1 |
| Bryan D. Vanlandingham | DC-0752-13-2668-I-1 |
| Calvin R. Spence | DC-0752-13-2872-I-1 |
| Caroll W. Foster | DC-0752-13-2202-I-1 |
| Carroll L. Howard | DC-0752-13-2817-I-1 |
| Cary D. Jackson | DC-0752-13-2788-I-1 |
| Charles K. Fetty | DC-0752-13-2422-I-1 |
| Charles W. Ackerman | DC-0752-13-2413-I-1 |
| Christopher L. Spelce | DC-0752-13-2384-I-1 |
| Clair G. Swegan | DC-0752-13-2147-I-1 |
| Clement M. Tuttle | DC-0752-13-2389-I-1 |
| Cornelius J. Drake | DC-0752-14-0076-I-1 |
| Damon Showers | DC-0752-13-2985-I-1 |
| Dan B. Norton | DC-0752-13-2417-I-1 |
| Darius R. Jordan | DC-0752-13-2683-I-1 |
| David L. Murphy | DC-0752-13-2420-I-1 |
| David L. Pettaway | DC-0752-13-3020-I-1 |
| David M. Horner | DC-0752-13-2812-I-1 |
| David P. McLendon | DC-0752-13-2662-I-1 |

| | |
|---|---|
| Dennis A. Young | DC-0752-13-2808-I-1 |
| Derrick J. Sampson | DC-0752-13-2838-I-1 |
| Donna M. Harden | DC-0752-13-4286-I-1 |
| Douglas W. Humphrey | DC-0752-13-4373-I-1 |
| Edward E. Kemper | DC-0752-13-2663-I-1 |
| Elliot L. Carlton | DC-0752-13-2421-I-1 |
| Eric A. Geba | DC-0752-13-2398-I-1 |
| Eyvine Harris | DC-0752-13-2888-I-1 |
| Foluke M. Alvarez | DC-0752-13-4735-I-1 |
| Frederick E. Conley | DC-0752-13-3018-I-1 |
| Gary W. Sawyer | DC-0752-13-2860-I-1 |
| George V. Dimas | DC-0752-13-2904-I-1 |
| Gregory L. Taylor | DC-0752-13-2146-I-1 |
| Harry D. Roberson | DC-0752-13-2681-I-1 |
| James A. Haith | DC-0752-13-2449-I-1 |
| James M. Morris | DC-0752-13-2211-I-1 |
| Jason M. Brader | DC-0752-13-2145-I-1 |
| Jason M. Treitel | DC-0752-13-4784-I-1 |
| Jay Harmor | DC-0752-13-2144-I-1 |
| Jeffery R. Rash | DC-0752-13-2341-I-1 |
| Jeffrey A. Collis | DC-0752-13-2344-I-1 |
| John A. Hugo | DC-0752-13-2200-I-1 |
| John E. Lancer | DC-0752-13-2826-I-1 |
| John F. Turner | DC-0752-13-3009-I-1 |
| John G. Manall | DC-0752-13-2834-I-1 |
| Joseph F. Smith | DC-0752-13-2435-I-1 |
| Joseph J. Smith | DC-0752-13-2441-I-1 |
| Joseph W. Talarico | DC-0752-13-2431-I-1 |
| Joshua D. Dozier | DC-0752-13-2841-I-1 |

| | |
|---|---|
| Justin A. Nyhaug | DC-0752-13-4861-I-1 |
| Justin T. Brooks | DC-0752-13-2148-I-1 |
| Kenneth H. Wolfe | DC-0752-13-2388-I-1 |
| Kevin R. Haselbush | DC-0752-13-2450-I-1 |
| Kiona N. Boyd | DC-0752-13-2833-I-1 |
| LaVar M. Bates | DC-0752-13-4841-I-1 |
| Larry D. Brown | DC-0752-13-2801-I-1 |
| Larry N. Joseph | DC-0752-13-2443-I-1 |
| Leslie E. Beliles | DC-0752-13-2412-I-1 |
| Mark E. Stankavich | DC-0752-13-2829-I-1 |
| Mark N. Ahrens | DC-0752-13-2338-I-1 |
| Mary Jane Atherton | DC-0752-13-4845-I-1 |
| Matthew L. Wade | DC-0752-13-2407-I-1 |
| Matthew O'Connor | DC-0752-13-2356-I-1 |
| Michael G. South | DC-0752-13-2830-I-1 |
| Michael Matern | DC-0752-13-2348-I-1 |
| Nathaniel Pringle | DC-0752-13-2419-I-1 |
| Orville R. Theel | DC-0752-13-4807-I-1 |
| Paul E. Vaughan | DC-0752-13-2437-I-1 |
| Paul H. Eley | DC-0752-13-2438-I-1 |
| Perry W. Babb | DC-0752-13-4798-I-1 |
| Ramdeo Ramlatchan | DC-0752-13-2894-I-1 |
| Randy B. Ives | DC-0752-13-2353-I-1 |
| Ray W. Walker | DC-0752-13-2805-I-1 |
| Raymond L. Wine | DC-0752-13-2828-I-1 |
| Rebecca J. Luce | DC-0752-13-2386-I-1 |
| Robert A. Flora | DC-0752-13-2141-I-1 |
| Robert E. Lawless | DC-0752-13-2822-I-1 |
| Robert G. Tucker | DC-0752-13-2436-I-1 |

| | |
|---|---|
| Robert J. Kneip | DC-0752-13-2418-I-1 |
| Robert L. Savant | DC-0752-13-2839-I-1 |
| Robert N. Collins | DC-0752-13-2177-I-1 |
| Robert P. D'Adamo | DC-0752-13-2334-I-1 |
| Robert S. Rawls | DC-0752-13-2980-I-1 |
| Roger D. Papenfuhs | DC-0752-13-2399-I-1 |
| Ronald A. Smith | DC-0752-13-2410-I-1 |
| Ronald P. Dick | DC-0752-13-2140-I-1 |
| Ronald Ricks | DC-0752-13-2865-I-1 |
| Sanny J. Cogliandro | DC-0752-13-2181-I-1 |
| Shante Gilliehan | DC-0752-13-2355-I-1 |
| Stephen C. Coston | DC-0752-13-6832-I-1 |
| Terry L. Seymour | DC-0752-13-4409-I-1 |
| Thomas H. Richard | DC-0752-13-2423-I-1 |
| Thomas W. Parker | DC-0752-13-3014-I-1 |
| Todd G. Cologgi | DC-0752-13-2924-I-1 |
| Torel L. Turner | DC-0752-13-3017-I-1 |
| Troy A. Jordan | DC-0752-13-2440-I-1 |
| Wallace O. Hendrix | DC-0752-13-2831-I-1 |
| Wayne T. Cheatham | DC-0752-13-2408-I-1 |
| William E. Clark | DC-0752-13-2844-I-1 |
| William J. Langlois | DC-0752-13-6834-I-1 |
| William S. Lanagan | DC-0752-13-4772-I-1 |
| Willie E. Young | DC-0752-13-2387-I-1 |
| Willie L. McCutchen | DC-0752-13-2898-I-1 |